## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICK GALLIAN AND CORA JACKSON, <br><br> Plaintiffs, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, FIRST PREMIER BANK, and WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY, <br><br> Defendants. | CIVIL FILE NO. 0:20-cv-2581 <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act).

## JURISDICTION

2.  The jurisdiction of this court is confirmed by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3.  Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiff Patrick Gallian (hereinafter "Gallian", "Plaintiff", or "Plaintiffs") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.  Plaintiff Cora Jackson (hereinafter "Jackson", "Plaintiff", or "Plaintiffs") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.  Upon information and belief, Defendant Equifax Information Services, LLC, (hereinafter "Equifax", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

7.  Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.  Upon information and belief, Equifax disburses such consumer reports to third

9.  Upon information and belief, Defendant Experian Information Solutions, Inc., (Hereinafter "Experian", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of California authorized to do business in

2

the State of Minnesota through its registered Office at CT CORP 1010 Dale Street North, St. Paul, MN 55117.

10.  Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.  Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.  Upon information and belief, Defendant Wells Fargo Bank d/b/a America's Servicing Company, (Hereinafter "ASC", "Defendant", or "Defendants"), is a division of Wells Fargo Bank, N.A. ASC services mortgage loans that were originated by other companies besides Wells Fargo Bank N.A. and its parents and subsidiaries, and that belong to investors other than Wells Fargo Bank N.A. and its parents and subsidiaries, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

13.  Upon information and belief, Defendant ASC, is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California. It engages in substantial business activities throughout the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, MN 55113.

14. Upon information and belief, Defendant First Premier Bank, (Hereinafter "First Premier", "Defendant", or "Defendants"), is a financial institution and a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

15. Upon information and belief, Defendant First Premier, is a corporation incorporated under the laws of the State of South Dakota with its principal place of business in the State of South Dakota. It engages in substantial business activities throughout the State of Minnesota. It can be found through its registered offices at 6010 S. Minnesota Ave., Suite 208, Sioux Falls, SD 57101-2640.

## FACTUAL ALLEGATIONS: COUNT I EQUIFAX

16. In September 2006, Plaintiffs secured a mortgage for their home at 2606 ½ Oakland Ave. S. for which ASC is/was the mortgage servicer.

17. On or about April 18, 2016, Plaintiffs jointly filed for Chapter 7 bankruptcy. As a result, Plaintiff's personal obligations for the mortgage were discharged.

18. In July 2020, Plaintiffs pulled their credit reports and noticed that Plaintiffs' First Premier Bank accounts and ASC accounts were reporting inaccurately. (*See Exhibit 1, Plaintiff Gallian's July 2020 Tri-Merge Credit Report; See Exhibit 2, Plaintiff Jackson's July 2020 Tri-Merge Credit Report.*)

19. For Plaintiff Gallian, Equifax was reporting his First Premier Bank account as a collections account and charge off account, which is incorrect as this account was discharged in bankruptcy. (*See Exhibit 1*).

20. For Plaintiff Jackson, Equifax was reporting her ASC account as an individual account when it should have been reporting as a joint account. (*See Exhibit 2*).

4

21.   On or about September 17, 2020, Plaintiffs' disputed these tradelines directly with Defendant Equifax. (*See Exhibit 3, Plaintiff Gallian's September 17, 2020 unsigned dispute letter to Equifax*; *See Exhibit 4, Plaintiff Jackson's September 17, 2020 unsigned dispute letter to Equifax*).

22.   Equifax failed to respond to Plaintiffs' dispute letters.

23.   Due to Equifax's failure to respond, Plaintiffs decided to review their updated credit reports to see if any changes were made. (*See Exhibit 5, Plaintiff Gallian's November 2020 Tri-Merge Credit Report; See Exhibit 6, Plaintiff Jackson's November 2020 Tri-Merge Credit Report.*)

24.   Plaintiffs found in their respective credit reports that the reporting of the First Premier Bank account and ASC account tradelines had either been inaccurately updated or not updated at all.

25.   Plaintiff Gallian's Equifax credit report showed a notation that his First Premier Bank account was disputed but it was still reporting his First Premier Bank account as a collection and charge off account, which is incorrect as this account was discharged in bankruptcy. (*See Exhibit 5*).

26.   Plaintiff Gallian's Equifax credit report, for some peculiar reason, showed a notation within his ASC account that he disputed this account, which he had not, and that it was now an OPEN account, which is also inaccurate. (*Compare Exhibit 3 with Exhibit 5*).

27.   Plaintiff Jackson's Equifax credit report showed no changes were made to her ASC account, but rather Plaintiff Gallian's ASC account. (*See Exhibit 6*).

28.     As of December 7, 2020, Plaintiffs have still not received a response from Equifax regarding their September 17, 2020, dispute, and thus, Equifax failed to properly investigate the accuracy of Plaintiffs Gallian's First Premier Bank account and Plaintiff Jackson's ASC account.

29.     Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the ASC and First Premier Bank tradelines.

30.     In the alternative, Equifax failed to contact either ASC or First Premier Bank.

31.     In the alternative to the allegation that Equifax failed to contact either ASC or First Premier Bank, it is alleged that Equifax did forward some notice of the disputes to ASC and First Premier Bank, but ASC and/or First Premier Bank failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT II EXPERIAN

32.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

33.     In July 2020, Plaintiffs pulled their Experian credit reports and noticed that Plaintiffs' ASC accounts were reporting inaccurately. (*See Exhibit 1, Plaintiff Gallian's July 2020 Tri-Merge Credit Report; See Exhibit 2, Plaintiff Jackson's July 2020 Tri-Merge Credit Report.*)

34.     For both Plaintiffs, their Experian credit reports were reporting their ASC account as collections and charge off accounts, which is incorrect as this account was discharged in Plaintiffs' chapter 7 bankruptcy. (*See id.*)

35.    Plaintiff Jackson's Experian credit report was reporting her ASC account as OPEN, which is also incorrect. (*See id.*)

36.    On or about September 17, 2020, Plaintiffs' disputed their consumer reports with Defendant Experian directly and requested an investigation into the accuracy of the ASC representations. (*See Exhibit 7, Plaintiff Gallian's September 17, 2020 unsigned dispute letter to Experian*; *See Exhibit 8, Plaintiff Jackson's September 17, 2020 unsigned dispute letter to Experian*).

37.    Experian failed to respond to Plaintiffs' dispute letters.

38.    Due to Experian's failure to respond, Plaintiffs decided to review their updated credit reports to see if any changes were made. (*See Exhibit 5, Plaintiff Gallian's November 2020 Tri-Merge Credit Report; See Exhibit 6, Plaintiff Jackson's November 2020 Tri-Merge Credit Report.*)

39.    Plaintiffs found in their respective credit reports that the reporting of their ASC account was still as a collection account that was charged off, and for Plaintiff Jackson, her ASC account was still reporting as an OPEN account. (*See id.*)

40.    As of December 7, 2020, Plaintiffs have still not received a response from Experian regarding their September 17, 2020, dispute, and thus, Experian failed to properly investigate the accuracy of Plaintiffs' ASC account.

41.    Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the ASC reporting lines.

42.   In the alternative, Experian failed to contact ASC.

43.   In the alternative to the allegation that Experian failed to contact ASC, it is alleged that Experian did forward some notice of the dispute to ASC, and ASC failed to conduct a lawful investigation.

### FACTUAL ALLEGATIONS: COUNT III FIRST PREMIER BANK

44.   Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

45.   Defendant First Premier Bank willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

46.   As a result of said Defendant's violations of § 1681s-2(b), Plaintiffs have suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to their credit rating, and emotional distress.

47.   Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

48.   Plaintiffs are entitled to recover costs and attorney's fees from First Premier Bank.

### FACTUAL ALLEGATIONS: COUNT III ASC

49.   Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

50.   Defendant ASC willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

51.   As a result of said Defendant's violations of § 1681s-2(b), Plaintiffs have suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to their credit rating, and emotional distress.

52.   Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

53.   Plaintiffs are entitled to recover costs and attorney's fees from ASC.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

54.   The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

55.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

56.   As a result of this conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

57.   Equifax's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n.

In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C 1681o.

58.   The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

59.   Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

60.   Equifax violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to either ASC or First Premier Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

61.   As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62.   Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

63. The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

64. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

65. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning the Plaintiffs.

66. As a result of this conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

67. Experian's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C 1681o.

68. The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

69. Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

70. Experian violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to

forward all relevant information to ASC; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

71. As a result of this conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

72. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

73. The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FROM RELIEF AGAINST FIRST PREMIER BANK

74. Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

75. First Premier Bank published the First Premier Bank representations to CRA Defendants, and through Defendants to all of Plaintiff Gallian's potential lenders on multiple occasions, including but not limited to the First Premier Bank response to Defendant Equifax, which formed the basis of the Defendant Equifax's dispute responses.

76.     The publication and/or defamation was willful and with malice. First Premier Bank
        did not have any reasonable basis to report the status and line items in Plaintiff
        Gallian's credit report. It also had substantial information, time, and opportunity to
        verify that the Plaintiff Gallian's credit report was reporting accurately. Further,
        even if First Premier Bank would attempt to plead ignorance prior to July 2020, it
        had all the evidence and information with which to confirm and recognize the
        discrepancies of Plaintiff Gallian's account and should have reported currently.

77.     As a result of this conduct, action and inaction of First Premier Bank, the Plaintiff
        Gallian has suffered damages by loss of credit; loss of the ability to purchase and
        benefit from credit; and the mental and emotional pain, anguish, humiliation, and
        embarrassment of credit denials.

78.     The publication, defamation and actions of First Premier Bank were willful,
        deliberate, intentional and/or with reckless disregard for the interests and rights of
        Plaintiff Gallian such as to justify an award of punitive damages against First
        Premier Bank in an amount to be determined by the court.

**SECOND CLAIM FOR RELIEF AGAINST FIRST PREMIER BANK**

79.     Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

80.     First Premier Bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)
        by continuing to report the First Premier Bank representation within Plaintiff
        Gallian's credit file with Defendants without also including a notation that this debt
        was disputed; by failing to fully and properly investigate the Plaintiff Gillian's
        dispute of the First Premier Bank representation; by failing to accurately respond to

Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the First Premier Bank Representations to the consumer reporting agencies.

81.   As a result of this conduct, action and inaction of First Premier Bank, Plaintiff Gallian suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82.   First Premier Bank's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff Gillian to recover actual damages under 15 U.S.C. § 1681o.

## FIRST CLAIM FROM RELIEF AGAINST ASC

83.   Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

84.   ASC published the ASC representations to the CRA Defendants, and through Defendants to all of Plaintiffs' potential lenders on multiple occasions, including but not limited to the ASC response to CRA Defendants, which formed the basis of the Defendants dispute responses.

85.   The publication and/or defamation was willful and with malice. ASC did not have any reasonable basis to report the status and line items in Plaintiffs' credit report. It also had substantial information, time, and opportunity to verify that the Plaintiffs' credit report was reporting accurately. Further, even if ASC would attempt to plead

ignorance prior to July 2020, it had all the evidence and information with which to confirm and recognize the discrepancies of Plaintiffs account and should have reported currently.

86.    As a result of this conduct, action and inaction of ASC, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87.    The publication, defamation and actions of ASC were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against ASC in an amount to be determined by the court.

### SECOND CLAIM FOR RELIEF AGAINST ASC

88.    Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

89.    ASC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the ASC representation within Plaintiffs' credit file with Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' dispute of the ASC representation; by failing to accurately respond to Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ASC Representations to the consumer reporting agencies.

90.     As a result of this conduct, action and inaction of ASC, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

91.     ASC's conduct, actions and inactions were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## TRIAL BY JURY

92.     Plaintiffs are entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Your Plaintiffs demand judgment for compensatory and punitive damages against Defendants, jointly and severally; for their attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the court does deem just, equitable and proper.

FIELDS LAW FIRM

Dated: December 18 2020.          By:___/s/ Blake Bauer_____
                                       Blake R. Bauer (#0396262)
                                       Attorney for Plaintiffs
                                       9999 Wayzata Blvd.
                                       Minnetonka, Minnesota 55305
                                       (612)-206-3476
                                       Blake@FieldsLaw.com